UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ELIJAH JONES, INMATE #20902359,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>OCEANSIDE POLICE DEPARTMENT, et al.,<br><br>　　　　　　　　　Defendants. | Case No.  21cv1972-JAH (JLB)<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER** |

　　　On November 18, 2021, Plaintiff Wayne Elijah Jones, incarcerated at the Vista Detention Facility in Vista, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  The Complaint was accompanied by a Motion to proceed in forma pauperis. (ECF No. 2.)

　　　On November 23, 2021, the Court denied Plaintiff's motion to proceed in forma pauperis because he failed to provide the Court with sufficient financial information as required by 28 U.S.C. § 1915(a)(2).  (ECF No. 3.)  This action was dismissed without prejudice to Plaintiff to pay the entire civil filing fee or file a properly supported in forma pauperis application on or before January 7, 2022.  (*Id*. at 3.)  Plaintiff was instructed that if he failed to timely prepay the civil filing fee or timely complete and submit a properly

supported in forma pauperis application the Court would enter a final judgment of dismissal. (*Id.*)

Over three months have elapsed since the January 7, 2022, deadline has passed and Plaintiff has not paid the filing fee or submitted an in forma pauperis application. This Court has discretion to *sua sponte* dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order). "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Because the Court has informed Plaintiff of his need to pay the filing fee or file a motion to proceed in forma pauperis but he has failed to do so, factors one, two and four weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."); *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (a court is not required to exhaust all alternatives prior to dismissal). Factor five does not weigh against dismissal. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (the public policy favoring disposition on the merits does not weigh against dismissal where

plaintiff's "conduct impedes progress in that direction.")  Only factor three does not weigh in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (where defendants have not appeared, "[w]e have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal.")

Weighing these factors, the Court finds that a final judgment of dismissal is appropriate.  *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("We may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.") (internal citation omitted), quoting *Ferdik*, 963 F.2d at 1263.

## CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES** this civil action without prejudice based on Plaintiff's failure to prosecute by paying the civil filing fee or submitting a properly supported in forma pauperis application as required by Court's November 23, 2021, Order. The Court **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: April 13, 2022

_____
Hon. John A. Houston
United States District Judge

3

21cv1972-JAH (JLB)